UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60380-CIV-ALTMAN/Hunt

**DANIEL CHARLONG**,

    *Plaintiff*,

v.

**HOME DEPOT USA, INC.**,

    *Defendant*.
_____/

## ORDER

Before the Hon. Roy K. Altman:

The Plaintiff slipped and fell in the Defendant's store and then sued the Defendant in state court. The Defendant had 30 days from the day on which it was served to remove the case to federal court. But the Defendant did not actually file its Notice of Removal until the 31st day. So, the Plaintiff filed a Motion to Remand, *see* [ECF No. 4] (the "Motion"),[1] which—after careful review—the Court now **GRANTS**.

## THE FACTS

The Plaintiff, Daniel Charlong ("Charlong"), sued the Defendant, Home Depot, U.S.A., Inc. ("Home Depot"), in state court, alleging that he slipped and fell on a "liquid substance" at a Home Depot garden center. *See* Compl. [ECF No. 1-1] ¶ 8. Charlong served Home Depot with his state Complaint on January 21, 2020. *See* State Court Docket Sheet [ECF No. 1-2] at 3. The deadline for Home Depot to remove the case to federal court—30 days after it was served with the Complaint—was thus February 20, 2020. But Home Depot did not remove the case until February

---

[1] The Defendant responded, *see* [ECF No. 6] (the "Response"), and the Plaintiff replied, *see* [ECF No. 9] (the "Reply").

21, 2020—one day *after* the deadline had passed. *See* Notice of Removal [ECF No. 1].

Home Depot now asks the Court to ignore the untimeliness of its removal. *See* Response at 4. In support, Home Depot submits an affidavit from its Paralegal, who attributes the delay to a "technical issue." *Id.* at 2. According to the affidavit, on February 20, 2020—the very last day for Home Depot to remove the case—the Paralegal "was instructed" to file and serve Home Depot's Notice of Removal in state and federal court. *See* Affidavit [ECF No. 6-2] ¶ 2. By that point, the Southern District of Florida had, for several months, been sending attorneys (like Home Depot's) messages, reminding them to link their Pacer and CM/ECF accounts for the impending transfer to the District's new electronic filing system, NextGen CM/ECF. *See* [ECF No. 9-1]. Time and again, these reminders warned Home Depot's lawyers that their failure to link the accounts "will prevent online filing." *Id.*

Despite these warnings, Home Depot only "determined" that it had to link its accounts on February 20, 2020—the last day for it to remove this case. *See* Affidavit ¶ 3. On that day, then, its Paralegal tried to link the accounts and then entered the case information on CM/ECF, uploaded Home Depot's removal documents, and paid the filing fee. *Id.* ¶¶ 4–6. Although Home Depot received an electronic receipt for having paid the filing fee, Home Depot never says that it received a Notice of Electronic Filing—a notification that is automatically sent to *all* parties of record *whenever* a document is filed on CM/ECF. *See generally* Southern District of Florida CM/ECF NextGen Administrative Procedures ("CM/ECF Procedures") ¶¶ 1A, 3A.

But, even after having waited until the last moment to remove the case—and despite having failed to take basic precautions to ensure that its documents were properly filed—Home Depot says that it was shocked when, on February 21, 2020 (the day *after* its removal deadline), CM/ECF notified its counsel that "[n]o initiating Document filed/attached" to its submission. *See* [ECF No.

2

6-2]. In other words, Home Depot had filed *no* documents. *Id.* Home Depot claims that, once it received this notification, it "contacted the Southern District of Florida and was informed that [the] CM/ECF account and Pacer account had not linked correctly, and the documents failed to attach to the new case." *See* Affidavit ¶ 8.[2] Home Depot then filed its removal documents successfully. *See* Notice of Removal. But, by then, it was too late.

## THE LAW

To remove a case from state to federal court, a defendant must "file in the district court . . . a notice of removal." *See* 28 U.S.C. § 1446(a). The notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). The 30-day window of § 1446 is an "express statutory requirement for removal and the failure to comply 'can fairly render the removal defective and justify remand.'" *Ware v. Fleetboston Fin. Corp.*, 180 F. App'x 59, 62 (11th Cir. 2006) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)); *see also* 28 U.S.C. § 1447(c) (providing that a plaintiff may move to remand a case "on the basis of any defect").

## ANALYSIS

Home Depot's removal was untimely. Under § 1446(b), a defendant must file its notice of removal "within 30 days" of its receipt, "through service or otherwise," of a copy of the plaintiff's complaint. Home Depot received the Complaint, "through service," on January 21, 2020. Its 30-

---

[2] The briefing is somewhat ambiguous as to whether the account-linking issue actually caused the documents not to attach properly. That is, Home Depot never (specifically) denies that its counsel simply failed to attach the documents. But the Court will charitably read Home Depot's briefing to mean that the documents did not attach to its initial filing *because of* a technical system issue rather than some human error.

3

day window thus expired on February 20, 2020.[3] But Home Depot did not file its Notice of Removal until February 21, 2020—one day *after* the window had closed. Given this delay, which Home Depot does not—and cannot—dispute, its removal was untimely, and the case must be remanded. *See, e.g.*, *Countrywide Home Loans v. Warshaw*, 2017 WL 7733545, at *1 (S.D. Fla. June 15, 2017) ("The Court concludes that Defendant's removal is untimely. Therefore, this case must be remanded . . . .").

This simple conclusion—that Home Depot's untimely removal must be remanded—is bolstered by the following three considerations.

*First*, "[i]n construing a statute we must begin, and often should end as well, with the language of the statute itself." *Nesbitt v. Candler Cty.*, 945 F.3d 1355, 1358 (11th Cir. 2020) (quoting *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc)). "[I]f the language at issue has a plain and unambiguous meaning, then that meaning controls, and the inquiry ends." *United States v. Nelson*, 334 F. App'x 209, 211 (11th Cir. 2009); *cf.* A. SCALIA & B. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 69 (2012) ("The ordinary-meaning rule is the most fundamental semantic rule of interpretation.").

The text of the removal statute plainly and unambiguously requires that a notice of removal "***shall*** be filed within 30 days" of the defendant's receipt of the complaint. It does not say that the notice of removal *may* be filed in 30 days, that it shall be filed in *31 days*, or even that it shall be filed within 30 days *unless* the removing party shows good cause or excusable neglect. "If Congress had wanted" to do any of these things, "it would have said so." *Fla. State Conference of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1172 (11th Cir. 2008). Indeed, Congress *has* set out

---

[3] Excluding the day of the event that triggers the 30-day period, counting every day (including Saturdays, Sundays, and legal holidays), and including the last day of the period, the deadline to remove was February 20, 2020. *See* FED. R. CIV. P. 6(a).

exceptions to remand in other circumstances. *See, e.g.*, 28 U.S.C. § 1441 (providing that, in certain circumstances, "the district court shall remand the action . . . , unless the court finds that, for the convenience of parties and witnesses and in the interest of justice, the action should be retained"). But it has not done so here. Under the canon of *expressio unius est exclusio alterius*, this omission strongly suggests that Congress intended for the 30-day period in § 1446(b) to be anything but aspirational. *See* SCALIA & GARNER at 107–11 (discussing this canon).[4]

*Second*, the Eleventh Circuit has frequently admonished lower courts to construe and apply the removal statute strictly. As the Eleventh Circuit has counseled, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," with all doubts resolved "in favor of remand to state court." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *King v. Gov't Employees Ins. Co.*, 579 F. App'x 796, 800 (11th Cir. 2014) ("A defendant's right to remove an action against it from state to federal court is created and defined by statute, and removal statutes are strictly construed."); *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) ("[R]emoval statutes should be construed narrowly, with doubts resolved against removal."); *Countrywide Home Loans*, 2017 WL 7733545, at *1 ("Like removal statutes generally, the time requirements imposed by the removal statute are to be strictly construed." (internal quotation marks omitted)).[5] By asking the Court to ignore the

---

[4] Federal Rule of Civil Procedure 6(b) provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time" in certain circumstances. But "Rule 6(b) does not provide any authority to extend time periods established by statute—as opposed to those established by other federal rules or by court orders." 1 Moore's Federal Practice § 6.06(1)(a) (2020); *see also Sherrod v. Breitbart*, 720 F.3d 932, 938 (D.C. Cir. 2013) ("Every court to have considered this question has held that Rule 6(b) may be used only to extend time limits imposed by the court itself or by other Federal Rules, but not by statute."); *Harris Corp. v. Kollsman, Inc.*, 97 F. Supp. 2d 1148, 1151 (M.D. Fla. 2000) (holding that Rule 6(b) may not be used to extend the time to remove).

[5] *See also Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006) ("[F]or a federal court to interpose its judgment would fall short of the scrupulous respect for the

5

express statutory requirements of § 1446, Home Depot's position would require the Court, at once, to infringe on state sovereignty *while* disregarding the delicate balance Congress has struck between federal and state courts. This the Court will not—and cannot—do.

*Third*, courts routinely remand cases—like this one—because of a defendant's failure to comply with the 30-day timeliness requirement. *See, e.g.*, *The Formula, Inc. v. Mammoth 8050, LLC*, 2008 WL 60428 (S.D. Fla. Jan. 3, 2008); *Golden v. Michaels Stores, Inc.*, 2020 WL 2027600 (C.D. Cal. Jan. 8, 2020). In *Formula*, the defendant (like Home Depot here) filed its notice of removal one day late. *Formula*, 2008 WL 60428, at *2. After the plaintiff moved to remand the case, the defendant (as here) argued that "there [was] good cause to excuse" its delay. *Id.* In particular, the defendant explained that it had "erroneously calculated the thirty day time frame so as not to include November 23, 2007 (believing that the Court was closed the day after Thanksgiving)." *Id.* at *1. While the court recognized that the defendant's error was "understandable," it remanded the case anyway, explaining that it was "duty bound to strictly apply and enforce section 1446(b)," which "is an express statutory requirement for removal." *Id.* at *1–2.

Similarly, in *Golden*—whose facts were strikingly similar to the facts presented here—the defendant (Michaels) alleged that, on the day before its removal deadline, it had uploaded its notice of removal, paid its filing fee, and received an email confirming payment. *Id.* at *1. Days later,

---

institutional equilibrium between the federal and state judiciaries that our federal system demands."); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329 (11th Cir. 2006) ("[S]tatutory procedures for removal are to be strictly construed." (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002))); *Atl. Hosp. of Fla., LLC v. Gen. Star Indem. Co.*, 2010 WL 5313493, at *2 n.3 (S.D. Fla. Dec. 20, 2010) ("Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand."); 16 Moore's Federal Practice § 107.03 (2020) ("Although providing a federal forum is the goal of removal, the effect of removal is to deprive the state court of an action properly within its jurisdiction, which raises federalism concerns.").

however, Michaels noticed that its notice of removal had never actually appeared on the docket. *Id.* The court rejected Michaels' contention that its removal should be treated as timely due to a mere "system filing error." *Id.* As the court noted, Michaels "would have received a Notice of Electronic Filing had the Notice of Removal been properly uploaded," and "[t]he fact that [it] did not receive a Notice of Electronic Filing should have put [Michaels] on alert . . . that the Notice of Removal was not properly filed." *Id.* at *2. As Charlong points out, *see* Reply at 2, the same is true here: Home Depot never received a Notice of Electronic Filing—and that fact alone should have alerted Home Depot that its initial "filing" had been unsuccessful.

Ultimately, this result is unsurprising. Beyond *Formula* and *Golden*, federal courts routinely remand untimely removals—*even* when the removing party misses the deadline by "only" one day. *See, e.g.*, *Alvarado v. JPMorgan Chase Bank, N.A.*, 2017 WL 7796334, at *2 (S.D. Fla. Apr. 12, 2017) (remanding a case removed one day late); *Siddle v. Wal-Mart Stores, Inc.*, 2008 WL 2789294, at *2 (S.D. Ill. July 18, 2008) (same); *May v. Johnson Controls, Inc.*, 440 F. Supp. 2d 879, 884 (W.D. Tenn. 2006) (same); *Rolison v. St. Paul Fire & Marine Ins. Co.*, 2006 WL 8437895, at *3 (S.D. Ala. May 15, 2006) (same). And even when the removing party claims that its delay was caused by "technical issues" on CM/ECF. *See, e.g.*, *Guerra v. Fry's Food Stores of Arizona, Inc.*, 2016 WL 1089744, at *6 (D. Ariz. Mar. 21, 2016) (remanding a case, even when the defendant claimed its delay was due to a "technical failure," and counseling attorneys to "never plan to file a time-jurisdictional document on the last day" because "[t]here is no time for anything to go wrong and still be fixed"); *Univ. of Cincinnati v. Benz Eng'g Co.*, 2008 WL 5378352, at *3 (S.D. Ohio Dec. 22, 2008) (remanding a case, even where the defendant claimed its delay was due to a "technical failure," and noting that the true issue was that "counsel waited until the last minute to attempt to electronically file a case-initiating document").

In the face of all this—the clear statutory mandate, the presumption in favor of remand, and the long line of decisions remanding cases just like this one—Home Depot has provided the Court with *nothing* but its unsupported plea to treat as timely its untimely removal. *See generally* Response. Notably, Home Depot cites to *absolutely no* decision, local rule, statute, or other authority that might justify the relief it seeks. *Id.* As a result, Home Depot has probably waived any argument it *could have* made for its position. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue waives it.").

Nonetheless, in the interest of fairness, the Court has reviewed the relevant authorities in search of some argument Home Depot *could have* made. The closest the Court has found is the Second Circuit's decision in *Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd.*, 422 F.3d 72 (2d Cir. 2005). There, the court considered the closely-related rule that a plaintiff must file a motion to remand within 30 days of removal. *Id.* at 74 (citing 28 U.S.C. § 1447(c)). On the 30th day, the plaintiff twice attempted to file its motion to remand. *Id*. Although the ECF system rejected both filings—because they failed to meet the ECF system's requirements—the plaintiff did not realize that its filing had not been docketed *until after* the 30-day window had closed. *Id.* The Second Circuit treated the untimely motion to remand as timely, reasoning that, while the district court *could not* extend the removal statute's mandatory 30-day timeline, the district court *could* "excuse [the plaintiff's] failure to comply with the ECF system requirements and thus deem the motion made at the time when, but for this noncompliance, the motion would have been made"—*if* strict application of those requirements would be "unjust." *Id*. at 76.

*Phoenix* does not alter the result here. *First*, the Second Circuit's holding is not binding on this Court, and the Court has found no similar Eleventh Circuit authority that would permit the

8

Court to treat as timely an otherwise-untimely removal. To the contrary, the Second Circuit's view that otherwise-untimely removals could be deemed timely by a court's liberal application of its own local rules or ECF procedures would subvert the Eleventh Circuit's persistent exhortations that the removal statute be interpreted strictly and in favor of remand. *See, e.g.*, *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (noting that "bright line limitations on federal removal jurisdiction . . . are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove").

*Second*, even if *Phoenix* were applicable here, there is nothing "unjust" about remanding *this* case, when Home Depot—with experienced and knowledgeable counsel—waited until the very last moment to file its Notice of Removal and apparently ignored the fact that it never received a Notice of Electronic Filing.[6] Indeed, unlike in *Phoenix*, Home Depot never says that it "was assured" that its filing had been successful—nor could it.[7] Moreover, unlike *Phoenix*—where the presumption in favor of remand inclined the court, in a close call, towards the plaintiff—that same presumption militates in the opposite direction here.[8] Even under the Second Circuit's approach, then, Home Depot has not established the kinds of "exceptional circumstances" that would support

---

[6] Courts in the Second Circuit have recognized that, in most cases, a party can rest assured that its papers have been filed when it receives a Notice of Electronic Filing. *See, e.g.*, *Corley v. Spitzer*, 2015 WL 127718, at *3 (S.D.N.Y. Jan. 7, 2015) ("Courts in the Southern District of New York routinely decline to consider motions to be untimely based on a failed ECF filing, particularly where a NEF was generated upon an original, timely filing." (citations omitted)). The converse of that principle—dispositive here—is that failing to receive a Notice of Electronic Filing ought to put a party on notice that its document was not properly filed.

[7] In fact, this District's CM/ECF Procedures explicitly "caution[]" parties that, "in some circumstances, the Court lacks the authority to grant an extension of time to file," and so counsel "are strongly encouraged to file documents in advance of filing deadlines and during regular business hours." *See* CM/ECF Procedures ¶ 3H(4).

[8] The district court in *Phoenix* was clear that it "resolve[d] all doubts in favor of Phoenix Global, the party seeking remand." *Phoenix Glob. Ventures, Inc. v. Phoenix hotel Assocs., Ltd.*, 2004 WL 2360033, at *5 (S.D.N.Y. Oct. 19, 2004).

9

its request here. *See Scantek Med., Inc. v. Sabella*, 2008 WL 2518619, at *3 (S.D.N.Y. June 24, 2008).

\*     \*     \*

Accordingly, the Court hereby

**ORDERS and ADJUDGES** that the Plaintiff's Motion to Remand [ECF No. 4] is **GRANTED**. This case is **REMANDED** to the 17th Judicial Circuit in and for Broward County, Florida. The Clerk of Court shall **CLOSE** this case. Any pending deadlines are **TERMINATED**. Any other pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 3rd day of June 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record